**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DANIEL PATRICK MURPHY,** | CASE NO. 3:20 CV 2342 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **KENTON OHIO POLICE DEPT., et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* Plaintiff Daniel Patrick Murphy has filed this Complaint under 42 U.S.C. § 1983 against the Kenton Police Department and his former landlord, Ryan Atchley[1]. (Doc. 1). Plaintiff alleges he and his family were wrongfully evicted from their rental property. Plaintiff asks this Court to award damages.

### BACKGROUND

Plaintiff alleges the Kenton Police Department illegally assisted his landlord, Ryan Atchley, in removing the mother of his child from his apartment while he was out of town. (Doc. 1, at 3). He says Atchley, "accompanied by an officer of the [Kenton Police Department]," used force to remove the mother of his child, and changed the locks without an eviction notice or Plaintiff's permission, despite Plaintiff's never having been late on rent and never having

---

1. Although Plaintiff only directly names the Kenton Police Department as a Defendant in his Complaint, *see* Doc. 1, at 1, 3, he requests relief from both the Department and Atchley, *see* Doc. 1, at 5. Therefore, the Court construes the Complaint as asserting causes of action against Atchley in addition to the Department.

received an eviction notice. *Id.* at 3-4. He also says he was denied access to his possessions. *Id.* at 4.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

That said, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## DISCUSSION

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Because Plaintiff does not allege a City of Kenton policy or custom caused his injury, Plaintiff's claim against the Police Department – even construed as a claim against the City – must be dismissed. Additionally, because Atchley is not a state actor, any § 1983 claim fails, and the Court declines to exercise supplemental jurisdiction over any potential state law claims in his complaint.

<u>Kenton Police Department</u>

Police departments are not *sui juris*, meaning they are not capable of suing or being sued for purposes of § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). And even liberally construing the claim as brought against the City of Kenton itself does not save Plaintiff's claim. A municipality is not liable solely for employing a tortfeasor, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Therefore, cities may only be sued under § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A plaintiff can prove a policy or custom through:

3

"(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (internal citation omitted).

Here, Plaintiff alleges an unidentified officer of the Kenton Police Department accompanied his landlord to his apartment and unlawfully removed the mother of his child from his apartment, changed the locks, and denied Plaintiff his possessions. (Doc. 1, at 3-4). But his Complaint lacks any facts concerning a City policy or custom that caused this alleged constitutional injury.

Plaintiff fails to state a claim upon which relief may be granted against the City of Kenton Police Department, and also against the City of Kenton, to the extent the Court construes Plaintiff's claim against the City itself. Thus, the municipal liability claim is dismissed.

Ryan Atchley

Plaintiff also appears to allege a claim against his landlord, Ryan Atchley. (Doc. 1, at 3-4). To the extent Plaintiff alleges Atchley is a state actor, or conspired with a state actor, to deprive him of his constitutional rights, Plaintiff fails to state a claim upon which relief can be granted. To the extent the claim is based in state eviction law, the Court declines to exercise its supplemental jurisdiction to hear it. Either way, the claims against Atchley are dismissed.

*Section 1983 Liability*

Private actors are liable under 42 U.S.C. § 1983 only when their activity is fairly attributable to the state. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing, *inter alia*, *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). The Sixth Circuit uses three tests to determine when a private actor engages in state action: the public function test, the

4

state compulsion test, and the symbiotic relationship or nexus test. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007).

Plaintiff alleges Atchley acted with an unnamed Kenton police officer, but this allegation alone is insufficient to classify Atchley as a state actor. Notably, Plaintiff does not challenge the statutory scheme governing evictions. Atchley's "invocation of [a] presumptively valid state procedure therefore amounts, at most, to the sort of statutory misuse or abuse that . . . does not give rise to state action." *Revis*, 489 F.3d at 291 (citing *Lugar*, 457 U.S. at 941).

Alternative theories also fail to transform Atchley into a state actor. The nexus test, which focuses on the relationship between the state and private actors, is traditionally the test applied in eviction cases like this one. *See id.* at 289; *Partin v. Davis*, 675 F. App'x 575, 585-86 (6th Cir. 2017). "Under the nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000). And while the nexus test resists "readily applicable formulae", *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961), a private actor using a public service does not attribute private action to the state, *Lansing*, 202 F.3d at 831.

Finally, Plaintiff has not adequately alleged a conspiracy between Atchley and the unnamed Kenton police officer. A civil conspiracy claim requires "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant". *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). But police assistance alone is not enough to show a single plan exists. *Ellison v. Garbarino*, 48 F.3d 192 (6th Cir. 1995).

A court could find other state law claims in Plaintiff's complaint stemming from an allegedly unlawful eviction. But those claims would rely on state law. This Court has discretion to dismiss any state law claims once it dismisses any original jurisdiction claims brought in the same case. 28 U.S.C. § 1367(c)(3). It does so here, because of the exceptionally early stage at which the Court is dismissing the federal law claims.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is hereby

ORDERED that all claims against the City of Kenton Police Department and Ryan Atchley are DISMISSED under 28 U.S.C. § 1915(e), and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE